IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL BENSON, )
 )
          Plaintiff, )
 )
v. ) Case № 2:10-CV-02512-JWL-DJW
 )
CITY OF MERRIAM, *et al.*, )
 )
          Defendants. )

## **PROTECTIVE ORDER**

The parties moved for entry of a stipulated Protective Order (ECF No. 17) limiting the disclosure and use of confidential documents and information in this case. For good cause shown, the Court grants the parties' Joint Motion for Protective Order (ECF No. 17) and enters the following protective order:

1. All confidential documents and confidential information, as defined herein, shall be used by the parties only for purposes of preparing for and conducting the litigation styled *Michael Benson v. City of Merriam, Kansas and Phil Lammers* (hereinafter the "Action").

2. "Confidential documents" or "confidential information," as used herein, means the following documents or information maintained in a confidential manner so designated by any party: Plaintiff's medical, tax, and financial information, as well as the employment, medical, tax and financial information of Defendant Lammers, Defendant City of Merriam, Kansas' internal business practices and operations, which are not subject to the Kansas Open Records Act , employee personnel files, and all confidential information pertaining to the parties and non-parties, which are not subject to the Kansas Open Records Act.

3. Any party to this action, whether acting on her, his, or its own or through counsel (hereinafter "person") may designate material as "confidential" by affixing the legend "Confidential" to every page of the document. The information contained or disclosed in material that has been designated as "Confidential" in accordance with this Order shall be referred to as "Protected Information." Any documents, including exhibits, generated, derived, or created from Protected Information shall also be

treated as such in accordance with the provisions of this Order, and such documents shall be marked in accordance with this paragraph.

4. If any party to this Action disputes the designation of any information, document or testimony as "Confidential," that party shall attempt to resolve by agreement the question of whether or on what terms the document is entitled to confidential treatment. If counsel are unable to agree as to whether the information is properly designated, counsel for any party may file an appropriate motion with the court. The burden rests upon the person asserting protected status to demonstrate that the designation is proper. Until a resolution of the dispute is achieved either through consent or order of the court, all persons shall treat the designated information in accordance with its designation.

5. "Confidential" information, documents, or testimony may only be disclosed or made available on a need-to-know basis by the party receiving such information to "qualified persons" who are defined to consist of:

    a. The United States District Court for the District of Kansas, including court personnel who are authorized to review the confidential information, documents, or testimony;

    b. Plaintiff, Defendant Lammers, any current management employee of Defendant City of Merriam, Kansas who provides actual assistance in the conduct of the litigation in which the information is disclosed and only to the extent necessary to allow him/her to provide that assistance, and Defendant City of Merriam, Kansas' governing body members;

    c. Counsel to all parties in this litigation and the clerical, secretarial, and paralegal staff employed by such counsel;

    d. Court reporters, persons operating video recording equipment at depositions, and any mediator utilized by the parties;

    e. Retained and/or potential experts or consultants (including their employees

and/or support staff) selected by a party to this Action to assist in the prosecution or defense of the litigation;

  f. Any witness or potential witness to the extent that the confidential information pertains to such individual; and

  g. Any person agreed to in writing by the parties.

6. Counsel shall not unnecessarily disclose information contained in confidential documents on the public record of this proceeding or in written arguments or memoranda submitted to the court. Counsel expressly agree that nothing in this Order shall serve to waive the right of any party to object at trial to the admissibility of any document or portion thereof, nor the right to file a motion in limine regarding the use at trial of any document or portion thereof.

7. Counsel may move for leave to file with the court any confidential documents at any time for any reason. In the event that confidential documents falling into the categories listed above, including any portion or summary thereof of deposition transcripts designated as confidential, are filed with the court, counsel shall file an appropriate motion to file such document under seal in accordance with D. Kan. Rule 5.4.1.

8. Each "qualified person" to whom confidential information, documents, or testimony is disclosed, pursuant to this Protective Order, shall be advised that the confidential information, documents, or testimony is being disclosed pursuant to and subject to the terms of this Protective Order. Said "qualified persons" shall use the confidential information, documents, or testimony only for purposes of this litigation and shall not give or otherwise divulge any of the documents, information or materials designated as "Confidential" or the substance thereof, or any copies, prints, negatives, or summaries thereof to any entity or person who is not a "qualified person," as defined in this Protective Order. Any non-party "qualified person" will be asked to sign a written agreement to be bound by its terms in the form attached as Exhibit A.

9. Nothing in this Order shall be construed to limit in any way the right of the producing person

to use its Protected Information for any purpose in connection with this litigation.

10. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Protected Information and should be treated as such in accordance with the provisions of this Order. The receiving party must treat such information as Protected Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Protected Information to persons not authorized to receive such Protected Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify the other party in writing of all such unauthorized persons to whom such disclosure was made. The parties shall attempt in good faith to retrieve and protect such inadvertently produced Protected Information.

11. Failure to designate confidential information prior to disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or to any other information relating thereto.

12. Nothing in this Order shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege and/or work product doctrine.

13. Compliance with the terms of this Order by a party or non-party shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence.

14. At the conclusion of this litigation, by judgment or otherwise, all Protected Information shall be returned to the producing party upon request within ninety (90) days of such request. Alternatively, the party to whom the request is made may destroy the Protected Information and shall certify destruction of the same in writing within ninety (90) days of such request. Notwithstanding the foregoing, the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate Protected Information and will continue to be

bound by the terms of this Order with respect to all such retained Protected Information. Upon termination of this Action, a party may seek leave to reopen the Action to enforce this Protective Order.

15. Documents and things designated as containing Protected Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this Action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

16. This Order shall be binding on the parties hereto when signed. This Order shall be binding upon any other person seeking its protection when that person signs a copy of the Acknowledgment Form attached hereto as Exhibit "A" indicating that he or she has read and agreed to abide by the terms of this Protective Order.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Protective Order (ECF No. 17) is granted, as set forth herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 3rd day of May 2011.

s/ David J. Waxse
The Honorable David J. Waxse
U.S. Magistrate Judge

**APPROVED BY:**


/s/ Jill Waldman  
Michael K. Seck, Ks. Bar No. 11393  
Jill Waldman, Ks. Bar No. 9634  
Marc N. Middleton, Ks. Bar No. 24458  
FISHER, PATTERSON, SAYLER & SMITH, LLP  
51 Corporate Woods, Suite 300  
9393 West 110th Street  
Overland Park, Kansas 66210  
(913) 339-6757 / (913) 339-6187 (FAX)  
mseck@fisherpatterson.com  
jwaldman@fisherpatterson.com  
mmiddleton@fisherpatterson.com  
**ATTORNEYS FOR DEFENDANTS**  
**CITY OF MERRIAM, KANSAS AND**  
**PHIL LAMMERS**

/s/ Marie L. Gockel  
Marie L. Gockel, Ks. Bar No. 12591  
Lynne Jaben Bratcher, Ks. Fed. Bar No.70502  
Kristi L. Kingston, Ks. Bar No. 19126  
BRATCHER, GOCKEL & KINGSTON, L.C.  
1935 City Center Square  
1100 Main Street, P.O. Box 26156  
Kansas City, Missouri 64196-6156  
(816) 221-1614 / (816) 421-5910 (FAX)  
marie@bgklawyers.com  
lynne@bgklawyers.com  
Kristi@bgklawyers.com  

and  

Tyler D. Benson, KS Bar #17567  
2401 Commerce Tower  
911 Main Street  
Kansas City, Missouri 64105  
(816) 474-5003 / (816) 842-0102 (FAX)  
td-benson@sbcglobal.net  
**ATTORNEYS FOR PLAINTIFF**  
**MICHAEL BENSON**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MICHAEL BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case № 2:10-CV-02512-JWL-DJW |
| | ) | |
| CITY OF MERRIAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the provisions of the Protective Order (the "Order") entered by the Court in this action on _____, 2011, and agrees to be bound by the terms of the Order. Specifically,

1. I agree that I will use records and information subject to the Order only for purposes of this case, including any appeals, and not for any other purpose;

2. I agree that I will abide by all other terms of the Order;

3. I hereby confirm that my obligations under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

Dated:_____

_____
(Signature)

_____
(Printed Name)

**EXHIBIT A**
O0288688.WPD;1              Page 7 of 7